**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782

August 9, 2022

LETTER TO COUNSEL

RE: *Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH

Dear Counsel:

On September 13, 2021, Plaintiff Lashar W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 8, 12, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

Plaintiff filed claims for benefits in 2018, alleging a disability onset date of January 1, 2007. Tr. 254–67. Plaintiff's claims were denied initially and on reconsideration. Tr. 163–84, 191–204. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 207–08. A telephonic hearing was held on October 15, 2020. Tr. 39–73. Following the hearing, the ALJ determined that Plaintiff was not disabled. Tr. 12–38. Plaintiff appealed the ALJ's decision; however, the Appeals Council denied the request for review. Tr. 1–6. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

In the decision, the ALJ found that Plaintiff was severely impaired by "obesity; diabetes mellitus type 1; degenerative disc disease (DDD) of the lumbar spine; degenerative joint disease (DJD) of the shoulders; diabetic polyneuropathy; chronic right heel ulcer; depression." Tr. 17. The ALJ also acknowledged that Plaintiff suffered from additional non-severe impairments. Tr. 17–18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except the claimant can lift/carry/push/pull 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6/8 hours, and stand/walk for 2/8 hours, but is limited to no more than 15 minutes of standing or walking at one time and she may use an assistive device to ambulate such as a cane. She can occasionally climb ramps and stairs but no

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 2

> ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She should not reach overhead bilaterally. She should avoid concentrated exposure to extreme temperatures and vibration and avoid all exposure to hazards. She can perform simple, routine tasks.

Tr. 20. The ALJ determined that Plaintiff does not have past relevant work. Tr. 28. However, after considering the testimony of a vocational expert ("VE"), the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy such as "addressing clerk (DOT[1] 209.587-010, sedentary, SVP 2, 16,000 jobs nationally), document preparer (DSOT 249.587-018, sedentary, SVP 2, 19,000 jobs nationally), and order clerk (DOT 209.567-014, sedentary, SVP 2, 26,000 jobs nationally)." Tr. 29. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 29–30.

On appeal, Plaintiff argues that the ALJ erred: (1) at the third step of the sequential evaluation process by failing to properly evaluate whether Plaintiff's impairments met or equaled 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04(A) ("Listing 1.04A"); and (2) at step five of the sequential evaluation process by finding that the Plaintiff is capable of performing a job that Plaintiff contends is obsolete and by finding that Plaintiff could perform job tasks that require a "GED reasoning level" that exceeds Plaintiff's abilities. Pl's Br. 5–33, ECF 12-2. Defendant disputes these claims and urges the Court to find that the ALJ's decision is supported by substantial evidence. Def.'s Br. 20, ECF 13-1.

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

---

[1] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 3

As to the first allegation of error, Plaintiff contends that the ALJ committed reversible error by failing to analyze whether Plaintiff's spine-related disability met or equaled the specific requirements of Listing 1.04. Pl.'s Br. 9–23, ECF 12-2. Defendant concedes "that the ALJ did not offer any specific evidence at step three to support [the ALJ's] finding that Plaintiff did not meet or equal listing 1.04." Def.'s Br. 7, ECF 13-1. However, Defendant counters that remand is not required because "the [RFC] discussion directly considers the records cited by Plaintiff's argument, as well as several others, which provide substantial evidence in support of the [RFC] as well as the ALJ's step three finding . . . ." *Id.*

At step three, an ALJ determines whether a claimant's impairments are severe enough to meet or equal a particular listing. *See* 20 C.F.R. §§ 404.1525(a), 416.925(a). The Listings of Impairments (the "Listings") "describe[ ] for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity. . . ." *Figgs v. Saul*, No. 1:20-CV-00334-JMC, 2021 WL 3930708, at *5 (D. Md. Sept. 2, 2021) (quoting 20 C.F.R. § 404.1525(a)). "The claimant has the burden of proving that her impairments meet or medically equal a listed impairment." *Angela C. v. Kijakazi*, No. CV TJS-21-0349, 2022 WL 601098, at *2 (D. Md. Mar. 1, 2022) (citing *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981)). "An ALJ is not required to discuss every possible listing that might apply to a claimant, but if the 'medical record includes a fair amount of evidence' that a claimant's impairment meets a listing, the ALJ must discuss the relevant listing and provide a coherent explanation regarding whether the claimant's impairments meet or equal it." *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013)). "To meet Listing 1.04, a claimant must have a disorder of the spine, resulting in compromise of a nerve root, with either: (A) evidence of nerve root compression; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis." *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04).

In this case, the first paragraph of the ALJ's step three analysis contains the extent to which the ALJ considered whether Plaintiff's impairments met or medically equaled Sections 1.02 and 1.04 of the Listings. The paragraph states:

> The claimant's physical impairments do not meet or medically equal the criteria of any listed impairment. In making this finding, I considered Sections 1.02 and 1.04 of the Listing of Impairments (listings). As for 1.02, there must be evidence of involvement of one major peripheral joint in each upper extremity that results in inability to perform fine and gross movements effectively or involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively. Under 1.04, the claimant must not only have a spine disorder, but also have evidence of nerve root compression as outlined in 1.04(A), spinal arachnoiditis as evidenced by appropriate objective testing, or lumbar spinal stenosis resulting in pseudoclaudication with an inability to ambulate effectively. The objective medical evidence of record does not establish any of these criteria and the claimant is noted to be able to perform fine and gross movements effectively per 1.00B2c of the listings and ambulate effectively per 1.00B2b of the listings.

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 4


Tr. 18.  Plaintiff argues that "[t]his summary conclusion neither references any medical evidence of record nor any specific requirement of Listing 1.04A, and thus is a clear example of an ALJ's failure to conduct meaningful review of the listing at issue."  Pl.'s Br. 17, ECF 12-2.

As a preliminary matter, both Plaintiff and Defendant correctly note the requirements for a step three finding that a spinal impairment meets or equals the listings.  *See* Pl.'s Br. 14–15, ECF 12-2; Def.'s Br. 6–7, ECF 13-1.  There is also no dispute that the ALJ determined that Plaintiff suffered from a disorder of the spine, specifically "degenerative disc disease (DDD) of the lumbar spine."[2]  Tr. 17.  However, it is unclear whether the ALJ considered Listing 1.04's mandatory requirement that Plaintiff's spine disorder resulted in "compromise of a nerve root," before considering the criteria in Listing 1.04A, B or C.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.  Thus, the issue is whether the ALJ provided ample reasoning to review the determination that Plaintiff's DDD resulted in compromise of a nerve root **and** fails to meet or equal the requirements of Listing 1.04A, namely whether Plaintiff exhibited "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."  20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A.[3]

---

[2]  Plaintiff contends that the "ALJ provided an incomplete recitation of the requirements of each section of Listing 1.04."  Pl.'s Br. 17, ECF 12-2.  While Plaintiff is correct that the ALJ did not provide a verbatim recitation of Listing 1.04, I do not find that this omission alone requires remand, as "[i]t is clear that the ALJ believed there was ample evidence to identify and discuss each subsection of Listing 1.04, including Listing 1.04A."  *Hambleton v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2897, 2016 WL 4921422, at *2 (D. Md. Sept. 15, 2016).

[3] At the time the ALJ considered Plaintiff's claims, adjudicators of claims filed in the Fourth Circuit were instructed to follow Acquiescence Ruling ("AR") 15-1(4), which codified the court's holding in *Radford* that "listing 1.04A required a claimant to show only 'that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months.'"  80 Fed. Reg. 57418-02, 57420, 2015 WL 5564523 (Sept. 23, 2015) (quoting *Radford*, 734 F.3d at 294).  The SSA rescinded AR 15-1(4), 85 F.R. 79063-01, 2020 WL 7209986 (Dec. 8, 2020), concurrent with the publication of the final rule, "Revised Medical Criteria for Evaluating Musculoskeletal Disorders," 85 Fed. Reg. 78164-01, 2020 WL 7056412, (Dec. 3, 2020).  The final rule states that both rulings would be effective April 2, 2021, but that it "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions."  *Id.* at 78189 n.2.  "If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand."  *Id.*

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 5

While I agree that the ALJ's step three analysis is sparse and "would have benefited from more explanation," an unsatisfactory step three analysis alone is not dispositive. *Helene C. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-18-2938, 2020 WL 1694491, at *5 (D. Md. Apr. 7, 2020). "As this Court has explained, an ALJ's failure to support a step-three conclusion may not be fatal if the ALJ cited to substantial evidence elsewhere in the decision to support his conclusion." *Id.* at *2 (citing *Grimm v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3403, 2016 WL 6651300, at *2 (D. Md. Nov. 10, 2016); *Schoofield v. Barnhart*, 220 F. Supp.2d 512, 522 (D. Md. Sept. 6, 2002) (explaining that remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [ ] determine whether there was substantial evidence to support the ALJ's Step Three conclusion.")). Thus, Defendant is correct that the ALJ's decision must be read "as a whole" and in asserting that a reviewing court can find that "substantial evidence supports the finding at step three of the sequential evaluation process [if] the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting [a relevant listing]." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (citing *Fischer–Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005)). However, to summarily conclude that Plaintiff's spinal impairment did not meet or equal a listed impairment without an explanation, particularly when the record appears to contain evidence to the contrary, "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford*, 734 F.3d at 295 (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986)).[4]

This Court has consistently found remand to be warranted if, even after reading the ALJ's decision as a whole, the ALJ's discussion of Plaintiff's records fails to connect such discussion to the specific criteria in Listing 1.04A. *See, e.g.*, *Figgs*, 2021 WL 3930708, at *5 ("The ALJ should, on remand, expand the Listing analysis to cite specific medical evidence pertaining to each Listing the ALJ deems relevant. In particular, where there is evidence that could be used to support one of the relevant Listing criteria, the ALJ should explain the ALJ's evaluation of that evidence in connection with the ALJ's stated conclusions."); *Lora C.*, 2020 WL 2097681, at *4 (remand was warranted where, despite "the ALJ include[ing] some discussion of Plaintiff's treatment records regarding her spine," at later sections of the ALJ's analysis, "the ALJ's opinion does not contain an assessment of the criteria set forth in Listing 1.04A"); *Letitia L. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-18-3982, 2019 WL 7370355, at *4 (D. Md. Dec. 31, 2019) (remanded because "regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Plaintiff's severe impairments").

---

[4] The ALJ also notes that Listing 1.04A is not met because Plaintiff "is noted to be able to perform fine and gross movements effectively per 1.00B2c of the listings and ambulate effectively per 1.00B2b of the listings." Tr. 18. "To meet Listing 1.04*B* or Listing 1.04*C*, a claimant must show either the inability to ambulate effectively or perform fine and gross movements effectively." *Lora C. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-19-1385, 2020 WL 2097681, at *3 (D. Md. May 1, 2020) (emphasis added). To meet "Listing 1.04A, however, a claimant need not show an inability to ambulate effectively or perform fine and gross movements effectively." *Id.*

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 6

The ALJ's decision in this case suffers the same fatal deficiency by failing to connect the cited evidence in the record in the ALJ's RFC assessment to the ALJ's assessment of whether Plaintiff's severe DDD impairment resulted in compromise of a nerve root or the Listing 1.04A criteria. For example, in the RFC analysis, the ALJ claimed that "[Plaintiff] primarily complains of limitations from pain but physical examinations support that her pain is not debilitating." Tr. 21. Not only did the ALJ fail to include a single citation to the record that supports this conclusion, the ALJ failed to connect this evidence to the Listing 1.04A criteria. The ALJ continued by stating "[Plaintiff] did have some decreased lumbar range of motion but she was consistently in no acute distress and obese yet comfortable; she also generally demonstrated full range of neck motion, nontender spine to palpation, normal exam of spine, no kyphosis or scoliosis, normal upper and lower extremity strength, intact sensation, negative leg raise bilaterally and normal gait[.]" Tr. 21–22 (citing "Exs. 28F/5, 8, 10–11; 38F/19; 40F/5, 6–7, 9; 49F/15, 20"). However, the ALJ again failed to meaningfully discuss how this evidence relates to the step three determinations.

Moreover, it is unclear to me whether the ALJ's findings at later steps are, in fact, inconsistent with Plaintiff satisfying the requirements of listing 1.04A, and such speculation on my part would be inappropriate. *See Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) ("Our circuit precedent makes clear that it is not [my] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."). The ALJ cites to evidence in the record consistent with "nerve root compression," including a positive "Spurling's Test," which Plaintiff contends is an "evaluation for cervical nerve root impingement" as well as a diagnosis of "cervical radiculopathy," which Plaintiff alleges is "synonymous with nerve root compression." *See* Tr. 21–22; Pl.'s Br. 19, ECF 12-2 (citing Tr. 1635). Yet, the ALJ failed to explain what that evidence means to their analysis. The rest of the ALJ's decision similarly lacks "a record of the basis for the ALJ's ruling," which is a "necessary predicate to engaging in substantial evidence review[.]" *Figgs*, 2021 WL 3930708, at *5; *see also Wendy S. v. Saul*, No. 8:18-CV-03441-GLS, 2020 WL 1443028 (D. Md. Mar. 23, 2020) ("I am not persuaded that the ALJ properly explained her basis for her step three conclusion at any other step in her analysis. Therefore, this Court finds that remand is warranted."). It is not for the Court to re-weigh the evidence before the ALJ. *Craig*, 76 F.3d at 589.

To be sure, Defendant raises several interpretations of the evidence that might explain the ALJ's conclusion that Listing 1.04A is not satisfied in this case, such as casting doubt as to whether a positive "Spurling's Test" is actually "indicative of nerve root compression" as well as a more general objection to whether the evidence in the record supports a finding that Listing 1.04A is satisfied. Def.'s Br. 7–11, ECF 13-1. "Ultimately, however, since the ALJ simply and erroneously asserted an absence of evidence instead of explaining her evaluation of the existing evidence, I am unable to review her opinion to determine whether her conclusion is adequately supported." *Hambleton*, 2016 WL 4921422, at *2. Thus, on this record, I agree that remand is warranted for further analysis. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Plaintiff was not entitled to benefits was correct.

Because this case is being remanded on other grounds, I need not decide Plaintiff's second argument the ALJ erred at final step of the sequential evaluation process by finding that Plaintiff

*Lashar W. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. 21-2331-BAH
July 25, 2022
Page 7

could perform an obsolete profession and two jobs that "require a GED Reasoning level of 3, which apparently conflicts with Plaintiff's RFC limitation to only 'simple, routine tasks.'"  Pl.'s Reply 7, ECF 14.  On remand, the ALJ is, of course, welcome to address these arguments.

      For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED, and Defendant's motion for summary judgment, ECF 13, is DENIED.  The ALJ's opinion is REVERSED as described above, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

      Sincerely yours,

      /s/

      Brendan A. Hurson
      United States Magistrate Judge